NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HENRY PINCKNEY,

Plaintiff,

v.

SOMERSET PROBATION,

Defendant.

Civil Action No. 25-163 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff David Henry Pinckney's ("Plaintiff" or "Pinckney") application to proceed *in forma pauperis* (ECF No. 1-2, "IFP"), together with his Complaint,[1] (ECF No. 1, "Compl."), against Defendant Somerset Probation ("Defendant"). For the reasons explained below, the application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** without prejudice.[2]

**I.  Background**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff, who resides in New Jersey, filed a form complaint alleging a single cause of action pursuant to 18 U.S.C. § 1341,

---

[1] For the purposes of this decision, the Court uses PDF page numbers when referring to specific pages in the Complaint and its exhibits.

[2] Before the Court had a chance to screen the IFP application and the Complaint, Pinckney filed a Motion for Summary Judgment (ECF No. 6.) As the decision contained herein dismisses the Complaint, the Motion for Summary Judgment is denied as moot.

which he styles as "fraud upon the court." (Compl. at 2.) Plaintiff's factual allegations, in their entirety, are as follows:

> FRAUD UPON THE COURT.
>
> Somerset Probation (CPS) has been collecting monies by the unauthorized use of the usufruct David Henry Pinckney from it's usufructuary David Henry Pickney to collect monies through coercion (arrested 4 times), FRAUD (conversion from a man to a person to obtain jurisdiction) and theft (mandatory deduction from bail, bank account and duress).

(*Id.* at 3.) In his Complaint, Plaintiff repeatedly and confusingly refers to himself as an "usufruct"[3] and says that he was "conver[ted] from a man to a person to obtain jurisdiction." (*Id.*) He asks for "all money taken to be returned to David Henry Pinckney" and a "$270,000 penalty (3xs fraud penalty)." (*Id.* at 4.) All told, Plaintiff requests "$400,000 by January 13, 2025." (*Id.*)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (*See* IFP.) Plaintiff's application indicates that he makes roughly $1,000 per month while working sporadically as a handyman, and that his total monthly expenses exceed $2,000. (*Id.* at 2, 4.)

## II.   IFP Screening

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman*

---

[3] The word "usufruct" does not appear to have possible use in the context of Plaintiff's Complaint and the Court cannot discern what Plaintiff intends by referring to himself as such. An "usufruct" is a type of property interest, of which an "owner of an usufruct is similar to a life tenant." *Usufruct*, Black's Law Dictionary (12th ed. 2024).

*v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. See *Atl. Cnty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff completely filled out the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* IFP.) Plaintiff lists a monthly income of approximately $1,000 from working sporadically as a handy man. (*Id.* at 2.) In terms of assets, Plaintiff alleges he has less than ten dollars between two checking accounts, and owns a 2013 Honda Odyssey. (*Id.* at 2–3.) Plaintiff spends $400 per month on rent, and an additional $1,600 per month on other expenses. (*Id.* at 4.) From this, and because Plaintiff's expenses exceed his income, the Court finds that Plaintiff has sufficiently apprised the Court of his financial status and **GRANTS** Plaintiff's *in forma pauperis* application.

### III.   Complaint Screening

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8's purpose is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Here, the Court finds that the Complaint does not pass muster under Federal Rule of Civil Procedure 8(a). The Complaint does not contain a 'short and plain statement" showing Plaintiff is entitled to relief. *See* Fed R. Civ. P. 8(a)(2). Plaintiff alleges that there has been a "fraud upon the court," but does not explain which court and how such a court is implicated in the Defendant's alleged actions. (Compl. at 1.) From the face of the Complaint, it appears that Plaintiff was arrested four times and Somerset Probation took money from Plaintiff in the form of bail. (*Id.* at 3.) However, Plaintiff has not alleged why this action was fraudulent or theft, and these bare allegations alone are insufficient to put Defendant on notice as to the grounds upon which the claims rest. *See Twombly*, 550 U.S. at 555.

More fundamentally, Plaintiff is unable to bring suit under the one federal statute he invokes. Plaintiff alleges a violation of 18 U.S.C. § 1341, which, contrary to Plaintiff's contention, is not relevant to "fraud upon the court" (ECF No. 1-4 at 1), but rather is the federal mail fraud statute. *See* 18 U.S.C. § 1341. Moreover, it is a criminal statute that confers no private right of action. *See Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that [plaintiff]

4

attempted to sue under the Federal Mail Fraud Statute, 18 U.S.C. § 1341, he lacked a private right of action to do so.") Therefore, Plaintiff's sole claim cannot survive.

Accordingly, because Plaintiff's Complaint has failed to state a claim, his Complaint is **DISMISSED** without prejudice.

**IT IS** on this 27th day of February, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

3. Plaintiff's Motion for Summary Judgment (ECF No. 6) is **DENIED** as moot;

4. The Clerk's Office is directed to **CLOSE** this matter;

5. That Defendants shall not be served;

6. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint;

7. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e); and

8. The Clerk's Office shall serve this Memorandum Order on Plaintiff by electronic service. (*See* ECF No. 3.)

*(signature)*

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**