NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HENRY PINCKNEY,

Plaintiff,

v.

SOMERSET PROBATION,

Defendant.

Civil Action No. 25-163 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff David Henry Pinckney's ("Plaintiff" or "Pinckney") Motion to Reconsider (ECF No. 8) this Court's prior Order granting Plaintiff's application to proceed *in forma pauperis*, dismissing Plaintiff's Complaint without prejudice, and denying Plaintiff's Motion for Summary Judgment as moot (*see* ECF No. 7). The Court has considered Plaintiff's submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1 For the reasons set forth herein, Plaintiff's Motion is **DENIED.**

This case is the latest in a saga of fruitless litigation initiated by Plaintiff against Defendant Somerset Probation ("Defendant") over Plaintiff's refusal to pay child support.[1] Plaintiff is no stranger to federal courts, having filed *fourteen* cases in the District of New Jersey since 2022

---

[1] *See Pinckney v. Somerset Prob.*, No. 24-6686, 2024 WL 3276940, at *1–2 (D.N.J. June 30, 2024) (complaint dismissed for lack of subject matter jurisdiction because no federal statute was invoked and all parties were citizens of New Jersey); *Pinckney v. Somerset Prob. C.S. Enf't*, No. 24-5681, 2024 WL 3401555, at *2 (D.N.J. July 12, 2024) (complaint dismissed for lack of subject matter jurisdiction); *Pinckney v. Somerset Prob. Child Support Enf't*, No. 24-8474, 2025 WL 2346440, at *3–5 (D.N.J. Aug. 13, 2025) (complaint dismissed for lack of subject matter jurisdiction).

alone.[2] In a companion case to this one, the Court recently granted Defendant's Motion to Dismiss on jurisdictional and sovereign immunity grounds, noting that "[t]here may be other independent grounds to dismiss the [c]omplaint" that had not been specifically discussed. *Pinckney v. Somerset Prob. Child Support Enf't*, No. 24-8474, 2025 WL 2346440, at *3–5, 5 n.11 (D.N.J. Aug. 13, 2025). The present matter fares no differently.

Plaintiff initiated the subject case on January 7, 2025 by filing a five-paged form complaint. (*See* ECF No. 1.) Purporting to assert a claim under 18 U.S.C. § 1341 (a criminal mail fraud statute), Plaintiff alleged that Defendant had committed a "fraud upon the Court" by "collecting monies by the unauthorized use of usufruct David Henry Pinckney from it's []usufructuary David Henry Pinckney to collect monies through coercion . . . fraud . . . and theft." (*Id.* at 3 (capitalization altered).) After screening the Complaint as required by 28 U.S.C. § 1915, the Court dismissed the pleading without prejudice. (ECF No. 7.) As the Court explained, the Complaint failed to comply with Federal Rule of Civil Procedure ("Rule") 8 because the "bare allegations [were] insufficient to put Defendant on notice as to the grounds upon which the claims rest." (*Id.* at 4.) Additionally, Plaintiff's sole cause of action—18 U.S.C. § 1341—is a criminal statute that confers no private right of action and therefore could not support Plaintiff's civil case. (*Id.* at 4–5 (citing *Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012).)

Now, Plaintiff moves for reconsideration of the Court's prior order pursuant to Rule 59. (ECF No. 8.) His motion, plagued by procedural and legal errors, cannot succeed. For one thing,

---

[2] The other thirteen cases filed are: *Pinckney v. Rahill*, No. 22-2409 (D.N.J.); *Pinckney v. Bury*, No. 22-2408 (D.N.J.); *Pinckney v. U.S. Department of State*, No. 22-3376 (D.N.J.); *Pinckney v. Cofaro*, No. 22-6122 (D.N.J.); *Pinckney v. Oconnor*, No. 23-22563 (D.N.J.); *Pinckney v. Det Mankowski*, No. 23-22645 (D.N.J.); *Pinckney v. Romer*, No. 23-22646 (D.N.J.); *Pinckney v. State of N.J. Violation System*, No. 23-22688 (D.N.J.); *Pinckney v. Snyder*, No. 24-251 (D.N.J.); *Pinckney v. Somerset Probation C.S. Enforcement*, No. 24-5681 (D.N.J.); *Pinckney v. Honorable Robert G. Wilson*, No. 24-5682 (D.N.J.); *Pinckney v. Somerset Probation Child Support*, No. 24-8474 (D.N.J.); *Pinckney v. PTL J. McIntyre*, No. 24-10250 (D.N.J.).

Rule 59, which allows for a new trial or to the amendment of entry of a final judgment, "is not the proper vehicle to challenge" the Court's dismissal of a complaint without prejudice. *Tucker v. Univ. of Sci., Arts & Tech., Coll. of Med.*, No. 23-23329, 2024 WL 4818790, at *2 (D.N.J. Nov. 18, 2024. This is because the dismissal of a complaint without prejudice is an interlocutory order— not a final judgment—and Rule 59 only provides a mechanism to alter final judgments. *See MirTech, Inc. v. AgroFresh, Inc.*, No. 23-2752, 2024 WL 3898612, at *4 n.2 (3d Cir. Aug. 22, 2024) ("Motions filed under . . . Rule 59(e) [] require a final judgment or order."); *Kenny v. United States*, 373 F. App'x 259, 259 (3d Cir. 2010) (holding that "a dismissal without prejudice generally is a non-final order"). Accordingly, Plaintiff cannot seek reconsideration pursuant to Rule 59 at this time.

Assuming *arguendo* that the prior Order *could* be altered pursuant to Rule 59, Plaintiff has asserted no basis for this Court to do so. Plaintiff raises two unavailing legal arguments.[3] *First*, Plaintiff asserts that his complaint was improperly dismissed because Defendant never entered an appearance in this case and was not given an opportunity to respond. (ECF No. 8 at 1–2.) This argument fails because the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, which requires the Court to screen a complaint and dismiss a case that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The screening process happens "before docketing" and allows the case to be dismissed "at any time." *Brown v. Sage*, 941 F.3d

---

[3] Plaintiff also attempts a factual argument, claiming that "the 'ALL CAPS' name DAVID H. PINCKNEY is an 'un alive fictious artificial person/usufruct/logotype' and David Henry Pinckney is the man/usufructaury [sic]." (ECF No. 8 at 1.) The thrust of the argument appears to be that PINCKNEY and Pinckney are two separate legal entities, as evidenced by the different use of capital letters in their spellings, and that the Court's prior Order improperly applied to one entity when it should have applied to the other. (*Id.*; *see also id.* at 8–9.) Plaintiff provides no legal basis for such a contention, and the Court does not address it further.

655, 660 (3d Cir. 2019); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997) (IFP statute comports with procedural due process).

*Second*, Plaintiff argues that his complaint was improperly dismissed because he is proceeding *pro se*. (ECF No. 8 at 2.) Plaintiff's citation to *Haines v. Kerner*, 404 U.S. 519 (1972), is inapposite. Although in *Haines*, the Supreme Court held that a *pro se* complaint is held to "less stringent standards" than one drafted by an attorney, *see* 404 U.S. at 520, "there are limits to [the Court's] procedural flexibility," *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013). Indeed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245. As set forth in the Court's prior Order, Plaintiff plainly fails to put Defendant on notice of the claims against it and sues under no cognizable cause of action, necessitating the dismissal of his Complaint. (ECF No. 7 at 4.)

Accordingly, **IT IS** on this 29th day of August, 2025

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 8) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motion pending at ECF No. 8.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**